**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

**MILKO BJAZEVIC,**

        **Plaintiff,**

**-vs-**                                                     Case No. 2:07-cv-290-FtM-29DNF

**ROBERT FORBIS, INC. D/B/A PREMIER
ELECTRIC,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    The parties filed a Joint Report Regarding Settlement (Doc. 38) and a copy of the Confidential Settlement Agreement and Full and Final Release (Doc. 38-2) on February 9, 2009. The Plaintiff Milko Bjazevic, and Opt-in Plaintiffs Joseph Centaus, Idoney Bornelus, Jean Bornelus, and Petit Isma and the Defendant, Robert Forbis, Inc. d/b/a Premier Electric are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss this case with prejudice.[1] To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the

---

[1] The Confidential Settlement Agreement and Full and Final Release provides in ¶6 that the dismissal be with prejudice.

payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff and Opt-in Plaintiffs were employed by the Defendant. The Plaintiff and Opt-In Plaintiffs were represented by counsel throughout this litigation. The Defendant denies that it failed to pay overtime wages, however, to avoid the expense of litigation has decided to settle this matter. The following are the claims of the of the Plaintiff and Opt-In Plaintiffs and the proposed settlements:

> 1) Bjazevic claims approximately $18,305.00 in unpaid overtime, and settled for $10,000.00 in unpaid wages and $10,000.00 in liquidated damages;
> 2) Centaus claims approximately $11,773.83 in unpaid overtime, and settled for $6,250.00 for unpaid wages, and $6,250 for liquidated damages;
> 3) Idoney Bornelus claims approximately $3,102.16 in unpaid overtime, and settled for $4,500.00 for unpaid wages, and $4,500.00 for liquidated damages;
> 4) Jean Bornelus claims approximately $2,627.98 in unpaid overtime, and settled for $3,750.00 in unpaid wages, and $3,750.00 in liquidated damages; and
> 5) Isma claims approximately $1930.11 in unpaid overtime, and settled for $2,750.00 in unpaid wages and $2,750.00 in liquidated damages.

The Court reviewed the terms of the Confidential Settlement Agreement and Full and Final Release. The parties settled for a total of $60,000.00 which includes a payment of $5,500.00 in attorney fees and costs. The Court finds that the settlement in the amount of $60,000.00 is fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Report Regarding Settlement (Doc. 38) and the settlement be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  10th  day of February, 2009.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record